IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELSEY LAUREN B.[1],**

        Plaintiff,                         Civ. No. 3:22-cv-01644-AA

    v.                                      **OPINION & ORDER**

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

_____

AIKEN, District Judge:

This case comes before the Court on Plaintiff's Unopposed Amended Motion for Attorney Fees. ECF No. 25. For the reasons set forth below, the motion is GRANTED.

**LEGAL STANDARD**

Upon entering judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Section 406(b) expressly requires any attorney's fee awarded

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

Page 1 – OPINION & ORDER

under that section to be payable "out of, and not in addition to, the amount of such past due benefits." *Id.*

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court clarified that § 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Courts must approve § 406(b) fee determinations by, first, determining whether a fee agreement has been executed and then testing it for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. Even within the 25 percent boundary, however, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

## DISCUSSION

On August 15, 2023, the Court remanded this case for further proceedings based on the stipulation of the parties. ECF Nos. 19, 20, 21. On November 13, 2023, the Court granted Plaintiff's application for fees pursuant to the Equal Access to Justice Act ("EAJA") and awarded $6,229.26 in attorney fees. ECF No. 24. On remand, Plaintiff was awarded past-due benefits in the amount of $106,064.00. Pl. Ex. 2, at 2. ECF No. 25-2. Plaintiff seeks an award of $26,516.00 in attorney fees under § 406(b) to be reduced by the previously awarded EAJA fees.

## I. Contingency Fee Agreement

Under *Gisbrecht*, the Court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25% cap. *Gisbrecht*, 535 U.S. at 807-08. The fee agreement between Plaintiff and Plaintiff's counsel contemplated a contingency fee award of up to 25% of past-due benefits. Pl. Ex. 1. ECF No. 25-1. The fee sought by Plaintiff's counsel is 25% of the past-due benefits.

## II. Reasonableness

Next, the Court must determine whether application of the fee agreement yields reasonable results under the circumstances. *Gisbrecht*, 535 U.S. at 807-08. In making this determination, the Court must recognize the "primacy of lawful attorney-client fee agreements." *Id.* at 793. However, although a contingency agreement should be given significant weight in fixing a fee, the Court can depart from it if it produces unreasonable results. *Id.* at 808. The burden rests with Plaintiff's counsel to establish the requested fee's reasonableness. *Id.* at 807.

The Ninth Circuit has established four factors to guide the Court's inquiry into the reasonableness of a requested fee: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney in seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the possibility that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53.

In this case, all four factors weigh in favor of granting Plaintiff's motion. Counsel ably represented Plaintiff and achieved a favorable result—remand and an eventual award of benefits—in a reasonably expeditious manner. The Court concludes that the requested sum would not constitute a windfall based on the hours Plaintiff's counsel expended on the case. The Court will approve fees in the full requested amount.

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for an award of attorney fees, ECF No. 25, is GRANTED. Plaintiff's counsel is awarded fees under 42 U.S.C. § 406(b) in the amount of $26,516.00. The Court previously awarded Plaintiff $6,229.26 in EAJA fees. When issuing the check for payment to Plaintiff's attorney, the Commissioner is directed to subtract this amount from the total award and send the balance of $20,286.74, less any applicable processing or user fees prescribed by statute, to Plaintiff's attorney. Payment of this award should be made via check payable and mailed to Plaintiff's attorney Kevin Kerr, using the information on file with the Agency. Any amount withheld after all administrative and court attorney fees are paid should be released to Plaintiff.

It is so ORDERED and DATED this \_\_\_\_13th\_\_\_\_ day of November 2025.

 /s/Ann Aiken
ANN AIKEN
United States District Judge